IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:24-cv-8557 |
| vs. ) ) | |
| STRENGTH IN MANAGEMENT LLC, ) COMMUNITY INITIATIVES, INC., and ) REPUBLIC VANGUARD INSURANCE COMPANY ) a/s/o 7546 S PEORIA S PEORIA HOLDINGS, LLC, ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") brings this Complaint for Declaratory Judgment against Defendants Community Initiatives, Inc. ("CII"), Strength in Management, LLC ("SIM"), and Republic Vanguard Insurance Company ("Republic") as subrogee of 7546 S Peoria Holdings, LLC ("7546 S Peoria") ,seeking a declaration of MUSIC's rights and obligations under a contract of insurance.

**NATURE OF THE ACTION**

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 to determine the rights and obligations of MUSIC under a commercial general liability ("CGL") insurance policy.

2. An actual and justiciable controversy exists between the Parties. This action will resolve a dispute as to whether a policy of insurance issued by MUSIC to 7546 S Peoria Holdings LLC; 7951 S Muskegon Holdings LLC; 7957 S Muskegon LLC; 7727 S Colfax LLC; 9101 S Ashland Holdings LLC; 8743-8747 S Beverly LLC; 8200 S Cottage Grove LLC; and 400 E 79th LLC obligates MUSIC to defend or indemnify CII and/or SIM

in connection with the underlying lawsuit captioned *Republic Vanguard Insurance Company a/s/o 7546 S Peoria S Peoria Holdings LLC v. Strength in Management LLC and Community Initiatives, Inc.,* Case No. 2023-L-010111 (Cook County, Illinois) ("the Underlying Lawsuit").

## **PARTIES, JURISDICTION, VENUE**

3. MUSIC is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. MUSIC is a citizen of New Jersey.

4. CII is an Illinois corporation with its principal place of business in Illinois. CII is a citizen of Illinois.

5. SIM is a limited liability company organized under the laws of Illinois. Its member, Anthony Oliver, resides in and is a citizen of the State of Illinois. SIM is a citizen of Illinois.

6. Republic is a corporation organized under the laws of Arizona with its principal place of business in Texas. Republic is a citizen of Arizona and Texas.

7. In the Underlying Lawsuit's complaint, Republic seeks a sum in excess of $3,000,000 from SIM in Count I; a sum in excess of $3,000,000 from CII in Count II; and a sum in excess of $3,000,000 from SIM in Count III. These damages sought exceed $75,000. Therefore, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. The amount in controversy exceeds the jurisdictional minimum.

8. Jurisdiction exists under 28 U.S.C. § 1332. Plaintiff, MUSIC, is a citizen of New Jersey, while the Defendants are citizens of states different from that of the Plaintiff. Therefore, complete diversity exists between the Plaintiff and the Defendants.

9. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b)(1) and

1391(b)(2) because all Defendants reside in this District and/or the incident that gives rise to this dispute occurred in this District.

10. Republic is named solely to the extent it is considered a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against it. In the event that Republic stipulates and agrees to be bound by the resolution of this case, MUSIC will seek to voluntarily dismiss it.

## **UNDERLYING CLAIMS**

11. On October 4, 2023, Republic initiated the Underlying Lawsuit by filing a complaint ("the Complaint") in the Cook County Law Division. A true and correct copy of the Complaint is attached as **Exhibit 1**.

12. The Complaint alleges that SIM was the property management company and lessor of the real property located at 9101 South Ashland Ave, Chicago, IL (the "Subject Building"). Ex. 1 ¶ 2.

13. The Complaint alleges that CII was appointed as the receiver of the Subject Building. Ex. 1 ¶ 3.

14. The Complaint alleges that 7546 S Peoria was the owner of the Subject Building, and Republic is a bona fide subrogee of 7546 S Peoria pursuant to payment issued under a commercial policy of insurance issued by Republic, which provides coverage including for fire damage. Ex. 1 ¶¶ 4-5.

15. The Complaint alleges that CII and SIM entered into a property management contract, which details the requirement of SIM in maintaining and securing the Subject Building to ensure the safety of the residents and property. Ex. 1 ¶ 6.

16. The Complaint alleges that, at all relevant times, CII and SIM, retained exclusive possession and control of the Subject Building. Ex. 1 ¶ 7.

17. The Complaint alleges that, on September 26, 2022, an unknown individual entered the Subject Building without authorized access into the common areas and further entered an unsecured apartment—Unit 312. The individual lit a friendly fire with common household contents to keep warm, causing fire and smoke damage to the Subject building. Ex. 1 ¶ 8.

18. In Counts I and II, styled as Negligence and brought against CII and SIM, the Complaint alleges that CII and SIM carelessly and negligently failed to secure the Subject Building, and as a direct and proximate result of CII's and SIM's acts or omissions, the Subject Building was damaged by the fire and the resulting smoke and water damage. Ex. 1 Count I and II.

19. In Count III, styled as Breach of Contract and brought against SIM, the Complaint alleges that SIM was required and agreed to the terms under the property management contract entered into for the Subject Building. Ex. 1 Count III.

20. The Complaint alleges that, pursuant to the policy of insurance issued to 7546 S Peoria, Republic paid sums totaling in excess of $3,000,000 to repair or replace damaged or destroyed property for losses sustained by the said fire and smoke damage. Ex. 1 ¶¶ 19-20, 30-31.

21. The Complaint seek damages resulting from CII's and SIM's alleged acts and/or omissions.

## THE MUSIC POLICY

22. MUSIC issued commercial general liability insurance coverage under policy

4

number MP0005005001577 with effective dates of April 9, 2022, to April 9, 2023, to 7546 S Peoria S Peoria Holdings LLC; 7951 S Muskegon Holdings LLC; 7957 S Muskegon LLC; 7727 S Colfax LLC; 9101 S Ashland Holdings LLC; 8743-8747 S Beverly LLC; 8200 S Cottage Grove LLC; and 400 E 79th LLC as the named insureds (the "Policy"). The Policy contains limits of liability of $1,000,000 each occurrence and $2,000,000 general aggregate. A true and correct copy of the Policy is attached as **Exhibit 2**.

23. Section I Coverage A of the Policy contains the following insuring agreement, quoted in part below:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> \* \* \*

Ex. 2 at MUSIC - 0035.

24. The Policy contains the following provision of "Who Is An Insured":

> **SECTION II – WHO IS AN INSURED**
>
> **1.** If you are designated in the Declarations as:
>
> \* \* \*
>
> > a. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

5

* * *

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

   * * *

   **(2)** "Property damage" to property:

   **(a)** Owned, occupied or used by;

   **(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;

   you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

   * * *

   b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

Ex. 2 at MUSIC - 0043.

25. The Policy contains the following Contractual Liability exclusion:

   **b. Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)** That the insured would have in the absence of the contract or agreement; or

   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to

>> be damages because of "bodily injury" or "property damage", provided:
>
>> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
>> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

Ex. 2 at MUSIC – 0036.

26. The Policy defines "Insured contract" as the following:

    "Insured contract" means:

    **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    **b.** A sidetrack agreement;

    **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **e.** An elevator maintenance agreement;

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Ex. 2 at MUSIC – 0048.

27. The Policy contains the following Damage To Property exclusion:

    **j. Damage To Property**

    "Property damage" to:

7

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Ex. 2 at MUSIC – 0038.

## **COUNT I- DECLARATORY JUDGMENT**

28. CII and SIM have requested defense and/or indemnity coverage in relation to the Underlying Lawsuit under the Policy.

29. The Policy does not provide coverage for the claims that are the basis of the Underlying Lawsuit because CII does not qualify as an "insured" under the Policy.

30. In addition, coverage for liability for the losses and/or damages sought in the Underlying Lawsuit against CII and SIM are barred from coverage by the Contractual Liability Exclusion and/or the Damage To Property Exclusion under the Policy.

31. MUSIC is entitled to a declaration that it does not have a duty to defend or indemnify either CII or SIM under the Policy in relation to the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mesa Underwriters Specialty Insurance Company requests:

A. That this Court find and declare that MUSIC has no duty to defend or indemnify either CII or SIM in relation to the Underlying Lawsuit;

B. That MUSIC be awarded its costs of suit; and

C. That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: September 17, 2024     Respectfully submitted:

                                            MESA UNDERWRITERS SPECIALTY
                                            INSURANCE COMPANY

                                            /s/      *Dennis M. Dolan*
                                                    Dennis M. Dolan, One of Its Attorneys

Dennis M. Dolan (ARDC # 6229150)
LITCHFIELD CAVO LLP
Dolan@LitchfieldCavo.com
303 W. Madison, Suite 300
Chicago, IL 60606
(312) 781-6641
Dolan@LitchfieldCavo.com